UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JABARI RAY, individually and on behalf of all
others similarly situated,

                      Plaintiff,

              -against-

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

                      Defendants.
----------------------------------------------------------------X

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Demands a Jury

Plaintiff Jabari Ray, by his undersigned attorneys, on behalf of himself and all others similarly situated, as and for his complaint against the defendants, alleges as follows:

1. This is an action for damages and other remedies for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq.*, and for conversion and imposition of a constructive trust under New York law.

2. Defendant Starsky Adames owns and operates defendant Helping Hands Logistics LLC without regard to corporate formalities or the wage and hours laws. Adames and his company failed to pay plaintiff and other employees for all the hours they worked, failed to pay the required overtime wage rates, failed to pay them on the scheduled pay dates, and failed to pay them for a "spread of hours" when they worked more than 10 hours per day. They also failed to give plaintiff and other employees the wage notices and statements required by federal and state laws.

3. Instead of paying the compensation required by federal and state laws, the defendants stole and retained for their own benefit the wages owed to plaintiff and other

employees.  They then used the retained wages to purchase real property and other assets for themselves, including real property located at 591 Johnson Avenue, Ronkonkoma, New York.

4.	Plaintiff brings this action as a collective action to recover damages and other remedies for the defendants' violations of the FLSA, and as a class action to recover damages, other remedies, and for imposition of a constructive trust for violations of New York State law.

## Jurisdiction and Venue

5.	This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal law claims.

6.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this District.

## The Parties

7.	Plaintiff JABARI RAY is a former employee of the defendants.  He resides in New York County, New York.

8.	Defendant HELPING HANDS LOGISTICS LLC is a limited liability company organized under the laws of the State of New York with a place of business at 65 ½ Poningo Street, Port Chester, New York.  The company also conducts business at 363 Huguenot Street, New Rochelle, New York.

9.	Defendant STARSKY ADAMES is the owner of the corporate defendant.  Upon information and belief, he resides in Suffolk County, New York.

**Facts Relevant to All Claims**

10. Plaintiff was hired by the defendants on or about June 2022. He continued working for them until on or about March 2024, when he was effectively fired by the defendants' refusal to pay him.

11. The defendants regularly withheld one-half of plaintiff's compensation with a promise that it would be paid at a later date.

12. The defendants never paid plaintiff the one-half of his compensation that they withheld.

13. Upon information and belief, the defendants had a policy and practice of withholding one-half of their employee's pay, promising to pay it in the future, and then never turning over the withheld pay to the employees.

14. The defendants did not give plaintiff the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

15. Upon information and belief, the defendants had a policy and practice of not giving employees the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3).

16. The defendants did not pay plaintiff on the scheduled pay dates.

17. Upon information and belief, the defendants had a policy and practice of not paying employees on the scheduled pay dates.

18. The defendants did not pay plaintiff one and one-half times his regular wage rate when he worked more than 40 hours in a workweek, including without limitation during the workweeks ending on: June 26, 2022; July 3, 2022; July 10, 2022; July 17, 2022; July 29, 2022; August 7, 2022; August 14, 2022; August 21, 2022; August 28, 2022; September 4, 2022;

September 11, 2022; September 18, 2022; September 25, 2022; October 2, 2022; October 9, 2022; October 16, 2022; October 30, 2022; August 10, 2023.

19.     Upon information and belief, the defendants had a policy and practice of not paying employees one and one-half times their regular hourly wage rate when they worked more than 40 hours in a workweek.

20.     Plaintiff worked more than 10 hours in a single day, including without limitation on the following dates:  June 22, 2022; June 23, 2022; June 24, 2022; June 25, 2022; June 29, 2022; July 1, 2022; July 8, 2022; July 11, 2022; July 21, 2022; July 27, 2022; July 28, 2022; July 29, 2022; August 3, 2022; August 4, 2022; August 5, 2022; August 7, 2022; August 10, 2022; August 11, 2022; August 17, 2022; August 18, 2022; August 19, 2022; August 24, 2022; August 29, 2022; August 30, 2022; August 31, 2022; September 1, 2022; September 2, 2022; September 3, 2022; September 7, 2022; September 10, 2022; September 11, 2022; September 12m 2022; September 13, 2022; September 13, 2022; September 14, 2022; September 15, 2022; September 16, 2022; September 17, 2022; September 18, 2022; September 19, 2022; September 22, 2022; September 23, 2022; September 27, 2022; September 28, 2022; September 29, 2022; September 30, 2022; October 3, 2022; October 5, 2022; October 7, 2022; October 14, 2022; October 27, 2022; October 30, 2022; October 31, 2022; December 2, 2022; January 17, 2023; April 19, 2023; August 8, 2023; August 9, 2023; August 10, 2023.

21.     The defendants did not pay plaintiff for a spread of hours on days when he worked more than 10 hours in a single day.

22.     Upon information and belief, the defendants had a policy and practice of not paying employees for a spread of hours when they worked more than 10 hours in a single day.

4

23. The defendants did not reimburse plaintiff for out-of-pocket expenses he paid on their behalf, including tolls and parking.

24. Upon information and belief, the defendants had a policy and practice of not reimbursing employees for out-of-pocket expenses they paid on the defendants' behalf, including tolls and parking.

25. Plaintiff discussed the amount of his unpaid wages with defendant Adames.

26. Plaintiff sent defendant Adames written messages detailing the number of hours worked each day, the amount of wages payable for those hours, the amount of wages actually paid for those hours, and the amount of unpaid wages he is owed.

27. Defendant Adames admitted that plaintiff is owed back wages.

28. Defendant Adames did not dispute the amount of back wages plaintiff is owed.

29. Defendant Adames promised to pay plaintiff the back wages he is owed.

30. Defendants have not paid plaintiff the wages he is owed.

31. Upon information and belief, the defendants acted intentionally to deprive plaintiff and other employees of their rightful wages when they designed and implemented the above-described policies and practices.

32. Upon information and belief, despite having actual notice of their legal obligations under the FLSA and New York Labor Law, the defendants intentionally violated the law by failing to provide the required notices and failing to pay plaintiff and other employees the regular, overtime, and spread of hours compensation they were entitled to be paid under the FLSA and New York Labor Law.

33. Defendants effectively fired plaintiff in or about March 2024 by not paying him for work he performed at their request and on their behalf.

**Collective and Class Action Claims**

34.     Defendants' conduct described above was part of and resulted from policies and practices that the defendants applied to all non-exempt employees. Plaintiff therefore brings the FLSA claims alleged herein as a collective action pursuant to 29 U.S.C. § 216(b), and the state law claims alleged herein as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

35.     The class is comprised of all non-exempt employees who worked for the defendants at any time since June 1, 2022.

36.     The claims of the class are properly brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

37.     The claims of the class are properly brought as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for the following reasons:

  a. Numerosity: The potential members of the class are so numerous that joinder of all members of the class is impracticable.

  b. Commonality: There are questions of law and fact common to plaintiff and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include:

  1. whether the defendants failed to give employees the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3);

  2. whether the defendants had a policy and practice of not giving employees the wage notices and statements required by New York Labor Law Sections 195(1) and 195(3);

3. whether the defendants did not pay employees on the scheduled pay dates;

4. whether the defendants had a policy and practice of not paying employees on the scheduled pay dates;

5. whether the defendants failed to pay employees one and one-half times their usual hourly wage rate when they worked more than 40 hours in a workweek;

6. whether the defendants had a policy and practice of not paying employees one and one-half times their usual hourly wage rate when they worked more than 40 hours in a workweek;

7. whether the defendants failed to pay employees for a spread of hours when they worked more than 10 hours in a single day;

8. whether the defendants had a policy and practice of not paying employees for a spread of hours when they worked more than 10 hours in a single day;

9. whether defendants are liable to the class;

10. whether the class can be made whole by the payment of damages;

11. whether the class is entitled to a constructive trust on the compensation withheld and retained by the defendants;

12. whether the class is entitled to a constructive trust on any real property, inventory, fixtures, and/or goods purchased by the defendants with the withheld and retained compensation; and

13. whether the individual defendant is personally liable for damages sustained by class members.

c. Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff and all members of the class sustained injuries and damages arising out of and proximately caused by the defendants' policies and practices described above.

d. Adequacy of Representation: Plaintiff will fairly and adequately represent the interest of class members. Plaintiff's attorneys are competent and experienced in litigating employment claims, including collective and class actions alleging violations of the FLSA and New York Labor Law.

e. Superiority: A class action is superior to other available means for fair and efficient adjudication of this controversy. Each class member has been damaged and is entitled to recovery because of defendants' illegal policies and practices. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**FIRST CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT (FLSA)**

38. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

39. The defendants have regulated the employment of plaintiff and all other persons employed by them, acted directly and indirectly in their own interest in relation to the employees, and are thus employers of their employees within the meaning of section 3(d) of the Fair Labor Standards Act ("FLSA").

40. The individual defendant at all relevant times was in active control and management of the corporate defendant, regulated the employment of plaintiff and all other persons employed by the corporate defendant, acted directly and indirectly in the interests of himself and the corporate defendant in relation to the employees, and thus is an employer of the defendants' employees within the meaning of section 3(d) of the FLSA.

41. The business activities of the defendants, as described in this complaint, were related and performed through uniform operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

42. Defendants have employed employees at their places of business in activities of an enterprise engaged in commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, plaintiff was at all relevant times employed in an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the FLSA.

43. Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215, by employing plaintiff and other employees in an enterprise engaged in commerce, for workweeks longer than those prescribed in section 7 of the FLSA, and without compensating them for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

44. Defendants are liable for unpaid overtime compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid overtime compensation together with prejudgment interest on said unpaid overtime compensation.

## SECOND CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE FLSA PROMPT PAYMENT REQUIREMENT

45. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

46. Defendants failed to pay regular and overtime compensation earned in a particular workweek on the regular pay days for the periods in which such workweeks ended.

47. Defendants delayed payment of regular and overtime compensation beyond the time reasonably necessary to compute and arrange for payment of the amount of regular and overtime compensation due.

48. Defendants violated the FLSA's prompt payment requirement in 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.106.

49. Defendants are liable for damages in an amount to be determined at trial, including liquidated damages.

## THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS FOR VIOLATIONS
## OF THE NEW YORK LABOR LAW

50. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein

51. Defendants' failure to pay plaintiff and other employees the proper regular and overtime pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2.

52. Defendants' failure to pay plaintiff and other employees the proper spread of hours pay violated New York Labor Law § 650, *et seq.* and 12 N.Y.C.R.R. § 146-1.6.

53. Defendants' failure to pay plaintiff and other employees the proper regular, overtime, and spread of hours pay was intentional.

54. Defendants are liable for unpaid regular, overtime, and spread of hours compensation together with an equal amount in liquidated damages or, in the event liquidated damages are not awarded, unpaid regular, overtime, and spread of hours compensation together with prejudgment interest on said unpaid compensation.

**FOURTH CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS FOR VIOLATIONS
OF THE NEW YORK LABOR LAW
AND WAGE THEFT PREVENTION ACT**

55. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

56. Defendants did not provide plaintiff and other employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing: the regular and overtime rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

57. Defendants did not obtain from plaintiff and other employees signed and dated written acknowledgements, in English and in the primary language of the employee, of receipt of the notice required by Section 195(1) of the New York Labor Law and affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee was in the language so identified.

58. Defendants did not furnish to plaintiff and other employees a statement with every payment of wages, listing: the dates of work covered by that payment of wages; the name of the

employee; the name of employer; the address and phone number of the employer; the regular and overtime rate or rates of pay and basis thereof; the gross wages; the number of regular hours worked; the number of overtime hours worked; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

59. Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiff and other employees with the notices required by Section 195(1) of the New York Labor Law.

60. Defendants violated the New York State Wage Theft Prevention Act by failing to provide plaintiff and other employees with the wage statements required by Section 195(3) of the New York Labor Law.

61. Plaintiff and other employees are each entitled to recover from the defendants statutory damages of $50.00 per day for each day that defendants violated the notice requirements of Section 195(1) of the New York Labor Law, up to a maximum of $5,000.00 for each employee.

62. Plaintiff and other employees are each entitled to recover from the defendants statutory damages of $250.00 per day for each day that defendants violated the wage statements requirements of Section 195(3) of the New York Labor Law, up to a maximum of $5,000.00 for each employee.

**FIFTH CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS FOR VIOLATIONS
OF THE NEW YORK LABOR LAW**

63. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

64. Defendants did not pay plaintiff and other employees on a regular weekly basis in violation of Section 191 of the New York Labor Law.

65. Defendants did not pay plaintiff and other employees on the regular pay day in violation of Section 191 of the New York Labor Law.

66. Defendants are liable to plaintiff and other employees in amounts to be determined at trial, including liquidated damages.

**SIXTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR CONVERSION**

67. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

68. Plaintiff and other employees had possessory rights or interests in their paychecks and wages.

69. Defendants exercised dominion over or interference with the rights and interests of plaintiff and other employees without their consent.

70. Defendants are liable to plaintiff and other employees for compensatory and punitive damages in amounts to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS FOR**
**A CONSTRUCTIVE TRUST**

71. Plaintiff repeats and realleges each and every allegation set forth above as if fully restated herein.

72. Defendants assumed a fiduciary relationship with plaintiff and other employees when defendants withheld and took possession of the paychecks and wages that were and are owed to them.

73.     The withheld paychecks and wages of plaintiff and other employees were retained by defendants and held for the benefit of plaintiffs.

74.     Defendants wrongfully retained the paychecks and wages of plaintiff and other employees.

75.     Upon information and belief, defendants used the withheld paychecks and wages of plaintiff and other employees to purchase real property and other assets for themselves, including real property located at 591 Johnson Avenue, Ronkonkoma, New York.

76.     Defendants have been unjustly enriched by reason of their retention and use of the retained paychecks and wages of plaintiff and other employees.

77.     Plaintiff and other employees are entitled to a constructive trust on all paychecks and wages retained by defendants and on any real property, inventory, fixtures, and/or goods purchased by defendants with those retained paychecks and wages, including without limitation the real property located at 591 Johnson Avenue, Ronkonkoma, New York.

## Jury Demand

78.     Plaintiff is entitled to and demand a jury trial.

## Prayer for Relief

WHEREFORE plaintiff, on behalf of himself and all others similarly situated, demands an order and judgment against each defendant, jointly and severally:  (a) certifying this action as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (b) declaring that defendants have violated the FLSA and New York Labor Law; (c) permanently enjoining defendants from violating the FLSA and New York Labor Law; (d) awarding plaintiff and all collective and class members actual damages, liquidated damages as authorized by 29 U.S.C. § 216(b) and New York Labor Law §

198, statutory damages and penalties as authorized by New York Labor Law § 195, pre- and post-judgment interest, and punitive damages in amounts to be determined at trial; (e) imposing a constructive trust in favor of plaintiff and all collective and class action members on the paychecks and wages retained by defendants and on any real property, inventory, fixtures, and/or goods purchased by defendants with that retained compensation, including without limitation the real property located at 591 Johnson Avenue, Ronkonkoma, New York ; (f) awarding reasonable attorneys' fees and the costs of this action as authorized by 29 U.S.C. § 216(b) and New York Labor Law § 198; and (g) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 21, 2024

THE HOWLEY LAW FIRM P.C.

By: _____
    John J.P. Howley [JH9764]
*Attorneys for Plaintiff*
1345 Avenue of the Americas, 2nd Floor
New York, New York  10105
(212) 601-2728