**THE HOWLEY LAW FIRM P.C.**
1345 AVENUE OF THE AMERICAS, 2ND FLOOR
NEW YORK, NEW YORK 10105
(212) 601-2728
JHowley@HowleyLawFirm.com

May 6, 2025

<u>Via ECF</u>

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:  *Ray v. Helping Hands Logistics LLC*, 7:24 Civ. 3924 (NSR) (S.D.N.Y.)
            **Renewed Joint Motion for Approval of FLSA Settlement**

Dear Judge Román:

      The parties jointly submit this letter motion to request the Court's approval of a settlement agreement (the "Proposed Agreement") resolving all claims by Plaintiff Jabari Ray against Defendants Helping Hands Logistics LLC and Starsky Adames in the above-captioned action, including all claims for unpaid wages under the Fair Labor Standards Act ("FLSA"). The Proposed Agreement, which is annexed as Exhibit 1, provides for a total settlement payment of $30,000.00 in six monthly installments of $5,000.00, secured by a consent judgment.

      Annexed as Exhibit 2 is an executed Addendum to the Proposed Agreement which provides "that all claims alleged in the complaint on behalf of a putative class shall be discontinued and dismissed without prejudice and without costs to any party."

      Plaintiff alleges in his complaint that the Defendants violated the FLSA by failing to pay him for all the hours he worked and by failing to pay him one and one-half times his regular hourly rate of pay when he worked more than 40 hours in a workweek. Complaint ¶¶ 2, 18 [ECF No. 3]. He also alleges that he is entitled to $1,490.00 in unreimbursed expenses. *Id.* ¶ 2. Plaintiff and his attorney calculate that he is owed $14,170.00 for unpaid regular and overtime wages, for a total of $15,660.00 for unpaid wages and expenses.

      In their Answer, the Defendants deny that any underpayment of wages occurred and assert that, if any amounts were underpaid, they were the result of a mistake and not intentional. *See generally* Answer [ECF No. 24].

      Under *Cheeks v Freeport Pancake House, Inc*, 796 F.3d 199 (2d Cir. 2015) "Rule 41 (a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Id.* at 206. To obtain approval, the parties must satisfy the Court that their agreement is "fair and reasonable." *See, e.g., Penafiel v. Rincon*

*Ecuatoriano, Inc.*, 15 Civ. 0112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (citation and internal quotation marks omitted).

"In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted). This usually involves consideration of five non-exclusive factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012),

Here, all of the factors weigh in favor of approving the Proposed Agreement.

The Proposed Agreement provides for a total settlement payment of $30,000.00, of which Plaintiff will receive $20,000.00 after deducting the proposed attorneys' fees and costs discussed below. This will provide Plaintiff with 100% of his alleged unpaid wages and unreimbursed expenses, $1,390.00 for the alleged failure to provide wage statements required by the New York Labor Law, and $2,950.00 for two years of pre-judgment interest at the New York State rate of 9%. The Plaintiff's range of possible recovery therefore weighs in favor of approving the Proposed Agreement.

The next two factors – avoiding the risks, burdens and expenses of further litigation – also weigh in favor of approval. While Plaintiff could pursue a claim for liquidated damages, his chances of success on that claim are uncertain and would require an investment of time and expense disproportionate to the amount of money at issue.

The final two factors also weigh in favor of approval. All parties have been represented by experienced employment litigation counsel, and the Proposed Agreement is the result of extensive, arms-length negotiations. There is no reason to believe any collusion has occurred.

Lastly, the amounts of attorneys' fees and costs are reasonable. Plaintiff and his attorney are parties to an engagement agreement providing for payment of a one-third contingency fee and reimbursement of out-of-pocket expenses. This is consistent with well-established precedent in this Circuit approving FLSA settlements in which one-third of the total recovery is allocated to attorneys' fees. *See, e.g., Aguirre v. Torino Pizza, Inc.*, No. 18 Civ. 2004, 2019 WL 126059, at *11 (S.D.N.Y. Jan. 8, 2019) ("Courts routinely award attorneys in FLSA settlements one-third of the total recovery in fees.").

The attorneys' fees in this case are also fair and reasonable based on the lodestar method. Plaintiff's attorney investigated Plaintiff's claims, reviewed and analyzed more than two years of time and payroll records, prepared a damages analysis, drafted the complaint, prepared and filed requests for certificates of default when the Defendants failed to respond, negotiated a stipulation vacating the default after the Defendants appeared, reviewed the answer to the complaint and

prepared a marked pleading, researched and drafted a pre-motion letter to request conditional certification of a collective action, responded to the Defendants' opposition papers, prepared and served document requests, interrogatories and deposition notices, reviewed and analyzed the Defendants' responses to discovery requests, drafted a discovery deficiency letter and engaged in meet and confer calls with the Defendants' attorney to resolve disputes, updated the damages analysis based on the Defendants' discovery responses, prepared for depositions including by organizing documents and drafting outlines, negotiated and documented the Proposed Agreement, prepared this motion, and had frequent conversations with Plaintiff at all stages of the case.

Plaintiff's attorney is an experienced labor and employment lawyer.  After graduating from New York Law School, *magna cum laude*, in 1990, he served as a law clerk to Judge Roger J. Miner on the U.S. Court of Appeals for the Second Circuit.  He spent 20 years as a labor and employment litigator at Kaye Scholer LLP (now known as Arnold & Porter Kaye Scholer), including 12 years as a partner.  In 2012, he formed his own law firm to focus on plaintiff's side employment and whistleblower litigation.  Based on his experience, courts in this District and elsewhere have approved fee awards based on a billing rate of $500 to $550 per hour.  *See, e.g., Paguirigan v. Prompt Nursing Empl. Agency LLC*, 17 Civ. 1302 (NG), 2022 WL 6564755, at *7 (E.D.N.Y. Apr. 7, 2022) ($550 per hour); *Campos v. BKUK 3 Corp.*, 18 Civ. 7507, 2021 WL 3540243, at *13 (S.D.N.Y. Aug. 10, 2021), *report and recommendation adopted by*, 2021 WL 3863266 (S.D.N.Y. Aug. 30, 2021) ($550 per hour); *Macolor v. Libiran*, 14 Civ. 4555, 2016 WL 1488121, at *7 (S.D.N.Y. Mar. 25, 2016), *report and recommendation adopted by*, 2016 WL 1453039 (S.D.N.Y. Apr. 13, 2016) ($500 per hour).

Given the amount of work done on this case, and the fact that Plaintiff will recover 100% of his claimed damages plus 9% pre-judgment interest, we respectfully submit that the apportionment of $10,000.00 of the settlement payment for attorneys' fees and costs is reasonable.

We therefore respectfully request that the Court approve the proposed Agreement.

Respectfully submitted,

/s John J.P. Howley

John J.P. Howley