# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JABARI RAY, individually and on behalf of
all others similarly situated
Plaintiff,

v.                                                                                  CASE NO.: 7:24-cv-03924-NSR

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

Defendants.

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and the Court's approval, and Release of Claims ("Agreement") is entered into by and among **Jabari Ray** (hereinafter referred to as "Plaintiff") and **Helping Hands Logistics LLC and Starsky Adames, as individual** (hereinafter "Defendants").

WHEREAS, Plaintiff alleges to have worked for Defendants as an employee; and WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court, Southern District of New York, bearing Docket No.: 7:24-cv-03924-NSR (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and

1

hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiff;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable considerations, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Thirty Thousand Dollars ($30,000.00) (the "Settlement Amount") to be paid to Plaintiff or his attorney in Six (6) equal consecutive monthly installments. Plaintiff's Counsel shall distribute to Plaintiff any amount due to the Plaintiff. The payments shall be made payable to "John Howley, Esq. as Attorney for Plaintiff" pursuant to the following schedule:

(a) **Installment One:** Five Thousand and 00/100 Dollars ($5,000.00) by wire transfer or ACH payable to "John Howley, Esq. as Attorney for Plaintiff" no later than **14 days following the Court's approval of the Parties' Agreement.**

(b) **Installments Two Though Six:** Five monthly payments of Five

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

Thousand and 00/100 Dollars ($5,000.00) each by wire transfer or ACH payable to "John Howley, Esq., as Attorney for Plaintiff" no later than the **first business day of each consecutive month after Installment One**.

(c)     All payments set forth above shall be made by wire transfer or ACH to an attorney escrow account provided in writing to the Defendants' counsel by Plaintiff's counsel.

(d)     As a condition of payment, Plaintiff and his counsel shall provide Defendants with separately completed IRS Forms W-9. Defendants will report the payments on IRS Form 1099.

2(a).   The parties expressly consent that the Southern District of New York shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment, in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below. Or, in the event the court declines to retain jurisdiction, any other court of competent jurisdiction.

2(b).   In the event that the Settlement Amount or any scheduled part thereof is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, may take any action to enforce the terms of this agreement including but not limited to filing an action for breach and/or filing the Confessions of Judgments executed by the Defendants for Forty Five Thousand

3

and 00/100 dollars, less 150% of any amount paid prior to the default.

The parties agree that in such an event of default, any and all remaining installments shall be immediately due and owing as set forth above and that Plaintiffs shall be entitled to take any and all measures to enforce the terms of this agreement including, but not limited to, filing or otherwise seeking to enforce the Confession of Judgment annexed hereto as **Exhibit A** in an amount equal to 150% of the unpaid balance against Defendants, jointly and severally. The Confessions of Judgment may only be filed by Plaintiffs upon the default of Defendants as set forth above.

The prevailing party in any action to enforce this agreement shall be entitled to reasonable attorneys' fees and expenses.

2(c).   Plaintiff must ensure that all taxes related to the payment described above in this Section 1 are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to Plaintiff and his attorney under this Section 1 of this Agreement, that Plaintiff shall fully pay such assessment to the extent such payment is attributable to his respective payment under this Agreement. Defendants shall provide written notice of any assessment implicating Plaintiff to Plaintiff's attorney at: Attn: John J.P. Howley, Esq., The Howley Law Firm P.C., 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, as soon as Defendants become aware of it.

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

3. <u>Release and Covenant Not to Sue:</u>

Upon receipt of the full Settlement Amount by Plaintiff's attorney, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiffs' employment with the Defendants up to and including the date Plaintiffs executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiff may assert anywhere in the world against the Defendants, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims"). Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws.

Nothing in this Agreement is intended to, or shall, waive or release: (i) any claim or right Plaintiffs may have for unemployment insurance or workers' compensation benefits; (ii) any claim to employee benefit plans and/or union benefit plans and/or rights or claims to retirement, 401K, pension, or other benefit plans, whether vested or unvested, including but not limited to any employee benefit plans under 29 U.S.C. § 1002(3); (iii) any medical claim incurred during Plaintiff's employment that is payable under applicable medical plans or an employer-insured liability plan; (iv) any claim or right that may arise after the execution of this Agreement; (v) any claim or right Plaintiff may have under this Agreement; and (vi) any claim that is not otherwise waivable under applicable law.

Defendants hereby unconditionally and irrevocably release, waive, discharge and give up any and all claims that Defendants have or may have against Plaintiff and his heirs, executors, administrators, agents, successors and assigns, affiliated entities, and their respective past and present owners, directors, officers, insurers, and attorneys, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature known or unknown, suspected or unsuspected, from the beginning of time to the date of this Settlement Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

5. Dismissal of the Litigation: Upon receipt of the full Settlement Amount by Plaintiff's attorney the Stipulation of Dismissal annexed hereto as Exhibit B shall be filed by Plaintiff or his attorney in accordance with Rule 41(a) (i) dismissing the action in full.

8. Court Approval: The parties will use best efforts to seek court approval of this Agreement.

9. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and Defendants.

10. Acknowledgment: The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this

Agreement is as set forth in this Agreement.

11. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

    To Plaintiff:
    John J.P Howley
    The Howley Law Firm P.C
    1345 Avenue of the Americas, 2nd Floor New York, NY 10105
    Telephone: (212) 601-2728
    jhowley@howleylawfirm.com

    To Defendants:
    Ian Edward Smith, Esq.
    Spire Law, LLC
    136 Madison Avenue
    Suite 600
    New York, NY 10016
    212-335-0018
    Email: ian@spirelawfirm.com

12. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement or any other Court of competent jurisdiction within the State of New York if the federal court declines to

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

retain jurisdiction.

13. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledge that they have consulted with John J.P. Howley, Esq., Plaintiff acknowledge that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.

15. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes,

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

16. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 12/20/24                            _____
                                           Jabari Ray


Dated: _____                   _____
                                           Starsky Adames, individually and on behalf
                                           of Helping Hands Logistics LLC

shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

16.  **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____

_____
Jabari Ray

Dated: 01 / 06 / 2025

Starsky Adames, individually and on behalf of Helping Hands Logistics LLC



| | |
|---|---|
| Title | [FF] Settlement Agreement - Ray v Helping Hands.pdf |
| File name | %5BFF%5D%20Settle...lping%20Hands.pdf |
| Document ID | 4474dab0f04586e46388b40ab2cc36c5792f40d0 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

This document was requested from app.clio.com

## Document History

**SENT**  
**12 / 20 / 2024**  
22:00:56 UTC  
Sent for signature to Helping Hands Logistics LLC (starsky@helpinghandslogistic.com) from margarita@spirelawfirm.com  
IP: 35.145.120.26

**VIEWED**  
**12 / 20 / 2024**  
22:08:42 UTC  
Viewed by Helping Hands Logistics LLC (starsky@helpinghandslogistic.com)  
IP: 172.56.167.199

**SIGNED**  
**01 / 06 / 2025**  
21:06:05 UTC  
Signed by Helping Hands Logistics LLC (starsky@helpinghandslogistic.com)  
IP: 172.56.34.140

**COMPLETED**  
**01 / 06 / 2025**  
21:06:05 UTC  
The document has been completed.

Powered by Dropbox Sign

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------- X
JABARI RAY,

                Plaintiff,                **CONFESSION OF JUDGMENT**

        -against-

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

                Defendants.
-------------------------------------------------------------- X

    STARSKY ADAMES, being duly sworn, deposes and says:

1. I am the individual defendant named in the above-entitled action and the sole owner of the corporate defendant, Helping Hands Logistics LLC.

2. I currently reside at 591 Johnson Avenue, Ronkonkoma, in Suffolk County, State of New York and authorize entry of judgment against myself and Helping Hands Logistics LLC, jointly and severally, in Suffolk County.

3. On behalf of myself and Helping Hands Logistics LLC, I confess judgment in this court in favor of the plaintiff, Jabari Ray, for the sum of Forty-Five Thousand and 00/100 Dollars ($45,000.00), less 150% of any amount paid prior to the default, and hereby authorize the plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against me and Helping Hands Logistics LLC, jointly and severally.

4. This confession of judgment is for a debt justly due to the plaintiff arising out of a settlement of claims for unpaid wages filed against Helping Hands Logistics LLC and me in a lawsuit captioned Jabari Ray v. Helping Hands Logistics LLC and Starsky Adames, 7:24 Civ. 3924, in the United States District Court for the Southern District of New York.

_____
STARSKY ADAMES individually and on behalf of HELPING HANDS LOGISTICS LLC

Sworn to before me this

__9__ day of __January__ 20__24__

_____
NOTARY PUBLIC

ANA M SALAZAR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6365173
Qualified in Westchester County
Commission Expires 10-02-2025

2