THE HOWLEY LAW FIRM P.C.

1345 AVENUE OF THE AMERICAS, 2ND FLOOR
NEW YORK, NEW YORK 10105
(212) 601-2728
JHowley@HowleyLawFirm.com

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____      │
│ DATE FILED:  10/16/2025              │
└─────────────────────────────────────┘
```

May 6, 2025

<u>Via ECF</u>

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

The Court approves settlement. Plaintiff has discontinued and dismissed all claims alleged in the complaint on behalf of the class.
Dated: October 16, 2025
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Re: *Ray v. Helping Hands Logistics LLC*, 7:24 Civ. 3924 (NSR) (S.D.N.Y.)
**Renewed Joint Motion for Approval of FLSA Settlement**

Dear Judge Román:

The parties jointly submit this letter motion to request the Court's approval of a settlement agreement (the "Proposed Agreement") resolving all claims by Plaintiff Jabari Ray against Defendants Helping Hands Logistics LLC and Starsky Adames in the above-captioned action, including all claims for unpaid wages under the Fair Labor Standards Act ("FLSA"). The Proposed Agreement, which is annexed as Exhibit 1, provides for a total settlement payment of $30,000.00 in six monthly installments of $5,000.00, secured by a consent judgment.

Annexed as Exhibit 2 is an executed Addendum to the Proposed Agreement which provides "that all claims alleged in the complaint on behalf of a putative class shall be discontinued and dismissed without prejudice and without costs to any party."

Plaintiff alleges in his complaint that the Defendants violated the FLSA by failing to pay him for all the hours he worked and by failing to pay him one and one-half times his regular hourly rate of pay when he worked more than 40 hours in a workweek. Complaint ¶¶ 2, 18 [ECF No. 3]. He also alleges that he is entitled to $1,490.00 in unreimbursed expenses. *Id.* ¶ 2. Plaintiff and his attorney calculate that he is owed $14,170.00 for unpaid regular and overtime wages, for a total of $15,660.00 for unpaid wages and expenses.

In their Answer, the Defendants deny that any underpayment of wages occurred and assert that, if any amounts were underpaid, they were the result of a mistake and not intentional. *See generally* Answer [ECF No. 24].

Under *Cheeks v Freeport Pancake House, Inc*, 796 F.3d 199 (2d Cir. 2015) "Rule 41 (a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Id.* at 206. To obtain approval, the parties must satisfy the Court that their agreement is "fair and reasonable." *See, e.g., Penafiel v. Rincon*

*Ecuatoriano, Inc.*, 15 Civ. 0112, 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (citation and internal quotation marks omitted).

"In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted). This usually involves consideration of five non-exclusive factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012),

Here, all of the factors weigh in favor of approving the Proposed Agreement.

The Proposed Agreement provides for a total settlement payment of $30,000.00, of which Plaintiff will receive $20,000.00 after deducting the proposed attorneys' fees and costs discussed below. This will provide Plaintiff with 100% of his alleged unpaid wages and unreimbursed expenses, $1,390.00 for the alleged failure to provide wage statements required by the New York Labor Law, and $2,950.00 for two years of pre-judgment interest at the New York State rate of 9%. The Plaintiff's range of possible recovery therefore weighs in favor of approving the Proposed Agreement.

The next two factors – avoiding the risks, burdens and expenses of further litigation – also weigh in favor of approval. While Plaintiff could pursue a claim for liquidated damages, his chances of success on that claim are uncertain and would require an investment of time and expense disproportionate to the amount of money at issue.

The final two factors also weigh in favor of approval. All parties have been represented by experienced employment litigation counsel, and the Proposed Agreement is the result of extensive, arms-length negotiations. There is no reason to believe any collusion has occurred.

Lastly, the amounts of attorneys' fees and costs are reasonable. Plaintiff and his attorney are parties to an engagement agreement providing for payment of a one-third contingency fee and reimbursement of out-of-pocket expenses. This is consistent with well-established precedent in this Circuit approving FLSA settlements in which one-third of the total recovery is allocated to attorneys' fees. *See, e.g., Aguirre v. Torino Pizza, Inc.*, No. 18 Civ. 2004, 2019 WL 126059, at *11 (S.D.N.Y. Jan. 8, 2019) ("Courts routinely award attorneys in FLSA settlements one-third of the total recovery in fees.").

The attorneys' fees in this case are also fair and reasonable based on the lodestar method. Plaintiff's attorney investigated Plaintiff's claims, reviewed and analyzed more than two years of time and payroll records, prepared a damages analysis, drafted the complaint, prepared and filed requests for certificates of default when the Defendants failed to respond, negotiated a stipulation vacating the default after the Defendants appeared, reviewed the answer to the complaint and

prepared a marked pleading, researched and drafted a pre-motion letter to request conditional certification of a collective action, responded to the Defendants' opposition papers, prepared and served document requests, interrogatories and deposition notices, reviewed and analyzed the Defendants' responses to discovery requests, drafted a discovery deficiency letter and engaged in meet and confer calls with the Defendants' attorney to resolve disputes, updated the damages analysis based on the Defendants' discovery responses, prepared for depositions including by organizing documents and drafting outlines, negotiated and documented the Proposed Agreement, prepared this motion, and had frequent conversations with Plaintiff at all stages of the case.

Plaintiff's attorney is an experienced labor and employment lawyer. After graduating from New York Law School, *magna cum laude*, in 1990, he served as a law clerk to Judge Roger J. Miner on the U.S. Court of Appeals for the Second Circuit. He spent 20 years as a labor and employment litigator at Kaye Scholer LLP (now known as Arnold & Porter Kaye Scholer), including 12 years as a partner. In 2012, he formed his own law firm to focus on plaintiff's side employment and whistleblower litigation. Based on his experience, courts in this District and elsewhere have approved fee awards based on a billing rate of $500 to $550 per hour. *See, e.g., Paguirigan v. Prompt Nursing Empl. Agency LLC*, 17 Civ. 1302 (NG), 2022 WL 6564755, at *7 (E.D.N.Y. Apr. 7, 2022) ($550 per hour); *Campos v. BKUK 3 Corp.*, 18 Civ. 7507, 2021 WL 3540243, at *13 (S.D.N.Y. Aug. 10, 2021), *report and recommendation adopted by*, 2021 WL 3863266 (S.D.N.Y. Aug. 30, 2021) ($550 per hour); *Macolor v. Libiran*, 14 Civ. 4555, 2016 WL 1488121, at *7 (S.D.N.Y. Mar. 25, 2016), *report and recommendation adopted by*, 2016 WL 1453039 (S.D.N.Y. Apr. 13, 2016) ($500 per hour).

Given the amount of work done on this case, and the fact that Plaintiff will recover 100% of his claimed damages plus 9% pre-judgment interest, we respectfully submit that the apportionment of $10,000.00 of the settlement payment for attorneys' fees and costs is reasonable.

We therefore respectfully request that the Court approve the proposed Agreement.

Respectfully submitted,

*/s John J.P. Howley*

John J.P. Howley

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JABARI RAY, individually and on behalf of
all others similarly situated
Plaintiff,

v.                                    CASE NO.: 7:24-cv-03924-NSR

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

Defendants.

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and the Court's approval, and Release of Claims ("Agreement") is entered into by and among **Jabari Ray** (hereinafter referred to as "Plaintiff") and **Helping Hands Logistics LLC and Starsky Adames, as individual** (hereinafter "Defendants").

WHEREAS, Plaintiff alleges to have worked for Defendants as an employee; and WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court, Southern District of New York, bearing Docket No.: 7:24-cv-03924-NSR (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and

1

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiff;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable considerations, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Thirty Thousand Dollars ($30,000.00) (the "Settlement Amount") to be paid to Plaintiff or his attorney in Six (6) equal consecutive monthly installments. Plaintiff's Counsel shall distribute to Plaintiff any amount due to the Plaintiff. The payments shall be made payable to "John Howley, Esq. as Attorney for Plaintiff" pursuant to the following schedule:

(a) **Installment One:** Five Thousand and 00/100 Dollars ($5,000.00) by wire transfer or ACH payable to "John Howley, Esq. as Attorney for Plaintiff" no later than **14 days following the Court's approval of the Parties' Agreement.**

(b) **Installments Two Though Six:** Five monthly payments of Five

2

Thousand and 00/100 Dollars ($5,000.00) each by wire transfer or ACH payable to "John Howley, Esq., as Attorney for Plaintiff" no later than the **first business day of each consecutive month after Installment One**.

(c)     All payments set forth above shall be made by wire transfer or ACH to an attorney escrow account provided in writing to the Defendants' counsel by Plaintiff's counsel.

(d)     As a condition of payment, Plaintiff and his counsel shall provide Defendants with separately completed IRS Forms W-9. Defendants will report the payments on IRS Form 1099.

2(a).   The parties expressly consent that the Southern District of New York shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment, in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below. Or, in the event the court declines to retain jurisdiction, any other court of competent jurisdiction.

2(b).   In the event that the Settlement Amount or any scheduled part thereof is not paid by the payment date set forth in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, may take any action to enforce the terms of this agreement including but not limited to filing an action for breach and/or filing the Confessions of Judgments executed by the Defendants for Forty Five Thousand

3

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

and 00/100 dollars, less 150% of any amount paid prior to the default.

The parties agree that in such an event of default, any and all remaining installments shall be immediately due and owing as set forth above and that Plaintiffs shall be entitled to take any and all measures to enforce the terms of this agreement including, but not limited to, filing or otherwise seeking to enforce the Confession of Judgment annexed hereto as **Exhibit A** in an amount equal to 150% of the unpaid balance against Defendants, jointly and severally. The Confessions of Judgment may only be filed by Plaintiffs upon the default of Defendants as set forth above.

The prevailing party in any action to enforce this agreement shall be entitled to reasonable attorneys' fees and expenses.

2(c).   Plaintiff must ensure that all taxes related to the payment described above in this Section 1 are paid. In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to Plaintiff and his attorney under this Section 1 of this Agreement, that Plaintiff shall fully pay such assessment to the extent such payment is attributable to his respective payment under this Agreement. Defendants shall provide written notice of any assessment implicating Plaintiff to Plaintiff's attorney at: Attn: John J.P. Howley, Esq., The Howley Law Firm P.C., 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, as soon as Defendants become aware of it.

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

3.    Release and Covenant Not to Sue:

Upon receipt of the full Settlement Amount by Plaintiff's attorney, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiffs' employment with the Defendants up to and including the date Plaintiffs executes this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Plaintiff may assert anywhere in the world against the Defendants, or any of them including but not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, retaliation, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims"). Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiff's right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws.

5

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

Nothing in this Agreement is intended to, or shall, waive or release: (i) any claim or right Plaintiffs may have for unemployment insurance or workers' compensation benefits; (ii) any claim to employee benefit plans and/or union benefit plans and/or rights or claims to retirement, 401K, pension, or other benefit plans, whether vested or unvested, including but not limited to any employee benefit plans under 29 U.S.C. § 1002(3); (iii) any medical claim incurred during Plaintiff's employment that is payable under applicable medical plans or an employer-insured liability plan; (iv) any claim or right that may arise after the execution of this Agreement; (v) any claim or right Plaintiff may have under this Agreement; and (vi) any claim that is not otherwise waivable under applicable law.

Defendants hereby unconditionally and irrevocably release, waive, discharge and give up any and all claims that Defendants have or may have against Plaintiff and his heirs, executors, administrators, agents, successors and assigns, affiliated entities, and their respective past and present owners, directors, officers, insurers, and attorneys, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature known or unknown, suspected or unsuspected, from the beginning of time to the date of this Settlement Agreement.

4.    <u>No Admission of Wrongdoing</u>: This Agreement and

6

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

5.    <u>Dismissal of the Litigation</u>: Upon receipt of the full Settlement Amount by Plaintiff's attorney the Stipulation of Dismissal annexed hereto as Exhibit B shall be filed by Plaintiff or his attorney in accordance with Rule 41(a) (i) dismissing the action in full.

8.    <u>Court Approval:</u> The parties will use best efforts to seek court approval of this Agreement.

9.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and Defendants.

10.    <u>Acknowledgment:</u> The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this

7

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

Agreement is as set forth in this Agreement.

11. <u>Notices</u>:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

> To Plaintiff:
> John J.P Howley
> The Howley Law Firm P.C
> 1345 Avenue of the Americas, 2nd
> Floor New York, NY 10105
> Telephone: (212) 601-2728
> jhowley@howleylawfirm.com
>
> To Defendants:
> Ian Edward Smith, Esq.
> Spire Law, LLC
> 136 Madison Avenue
> Suite 600
> New York, NY 10016
> 212-335-0018
> Email: ian@spirelawfirm.com

12. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement or any other Court of competent jurisdiction within the State of New York if the federal court declines to

8

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

retain jurisdiction.

13.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14.    Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledge that they have consulted with John J.P. Howley, Esq., Plaintiff acknowledge that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.

15.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes,

Doc ID: 4474dab0f04586e46388b40ab2cc36c5792f40d0

shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

      16. <u>No Waiver.</u> Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 12/20/24

                                                   Jabari Ray

Dated: _____

                                                   Starsky Adames, individually and on behalf of Helping Hands Logistics LLC

shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

16. <u>No Waiver.</u> Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____

                              _____
                              Jabari Ray

Dated: 01 / 06 / 2025
_____

                              _____
                              Starsky Adames, individually and on behalf
                              of Helping Hands Logistics LLC

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | [FF] Settlement Agreement - Ray v Helping Hands.pdf |
| **File name** | %5BFF%5D%20Settle...lping%20Hands.pdf |
| **Document ID** | 4474dab0f04586e46388b40ab2cc36c5792f40d0 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| SENT | **12 / 20 / 2024** 22:00:56 UTC | Sent for signature to Helping Hands Logistics LLC (starsky@helpinghandslogistic.com) from margarita@spirelawfirm.com IP: 35.145.120.26 |
| VIEWED | **12 / 20 / 2024** 22:08:42 UTC | Viewed by Helping Hands Logistics LLC (starsky@helpinghandslogistic.com) IP: 172.56.167.199 |
| SIGNED | **01 / 06 / 2025** 21:06:05 UTC | Signed by Helping Hands Logistics LLC (starsky@helpinghandslogistic.com) IP: 172.56.34.140 |
| COMPLETED | **01 / 06 / 2025** 21:06:05 UTC | The document has been completed. |

Powered by **Dropbox** Sign

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------- X

JABARI RAY,

                Plaintiff,            **CONFESSION OF
JUDGMENT**

        -against-

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

                Defendants.

--------------------------------------------------------------- X

STARSKY ADAMES, being duly sworn, deposes and says:

1. I am the individual defendant named in the above-entitled action and the sole owner of the corporate defendant, Helping Hands Logistics LLC.

2. I currently reside at 591 Johnson Avenue, Ronkonkoma, in Suffolk County, State of New York and authorize entry of judgment against myself and Helping Hands Logistics LLC, jointly and severally, in Suffolk County.

3. On behalf of myself and Helping Hands Logistics LLC, I confess judgment in this court in favor of the plaintiff, Jabari Ray, for the sum of Forty-Five Thousand and 00/100 Dollars ($45,000.00), less 150% of any amount paid prior to the default, and hereby authorize the plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against me and Helping Hands Logistics LLC, jointly and severally.

4. This confession of judgment is for a debt justly due to the plaintiff arising out of a settlement of claims for unpaid wages filed against Helping Hands Logistics LLC and me in a lawsuit captioned Jabari Ray v. Helping Hands Logistics LLC and Starsky Adames, 7:24 Civ. 3924, in the United States District Court for the Southern District of New York.

STARSKY ADAMES individually and on behalf of HELPING HANDS LOGISTICS LLC

Sworn to before me this

9 day of January, 2024

NOTARY PUBLIC

ANA M SALAZAR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6365173
Qualified in Westchester County
Commission Expires 10-02-2025

2

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JABARI RAY, individually and on behalf of all
others similarly situated
Plaintiff,

v.                                          CASE NO.: 7:24-cv-03924-NSR

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

Defendants.

_____

### ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

WHEREAS Plaintiff **Jabari Ray** ("Plaintiff") and Defendants **Helping Hands Logistics**

**LLC and Starsky Adames, as individual** ("Defendants") entered into a Settlement Agreement

and Release of Claims resolving Plaintiff's individual claims ("Agreement") and submitted the

Agreement for Court approval on January 29, 2025 [ECF No. 32]; and

WHEREAS, no motion for class certification has been made or granted;

Plaintiff and Defendants hereby agree that all claims alleged in the complaint on behalf of

a putative class shall be discontinued and dismissed without prejudice and without costs to any

party.

Dated: 04/01/2024

_____
Jabari Ray

Dated: _____

_____
Starsky Adames, individually and on behalf of
Helping Hands Logistics LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JABARI RAY, individually and on behalf of all
others similarly situated
Plaintiff,

v.                                                    CASE NO.: 7:24-cv-03924-NSR

HELPING HANDS LOGISTICS LLC and
STARSKY ADAMES,

Defendants.

_____

### ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

WHEREAS Plaintiff **Jabari Ray** ("Plaintiff") and Defendants **Helping Hands Logistics**

**LLC and Starsky Adames, as individual** ("Defendants") entered into a Settlement Agreement

and Release of Claims resolving Plaintiff's individual claims ("Agreement") and submitted the

Agreement for Court approval on January 29, 2025 [ECF No. 32]; and

WHEREAS, no motion for class certification has been made or granted;

Plaintiff and Defendants hereby agree that all claims alleged in the complaint on behalf of

a putative class shall be discontinued and dismissed without prejudice and without costs to any

party.

Dated: _____        _____

Jabari Ray

Dated: _04 / 07 / 2025_____        _____

Starsky Adames, individually and on behalf of
Helping Hands Logistics LLC

Doc ID: a3c65f9a754fc58f42d27b2d7af39ccee48dcf3a